UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY NEWELL, | ) | CASE NO.  1:22-cv-1179 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) | |
| | ) | |
| KEITH FOLEY, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*Pro se* Plaintiff Timothy Newell, an Ohio prisoner, has filed a fee-paid civil rights

complaint against Grafton Correctional Institution Warden Keith Foley.  (Doc. No. 1.)  He has

also filed a motion for an order for service of process by the U.S. Marshal.  (Doc. No. 2.)  For the

reasons stated below, plaintiff's complaint is dismissed and his motion for service by the

Marshal is denied.

**Background**

In his complaint, plaintiff contends he is being unconstitutionally imprisoned pursuant to

a "facially invalid June 26, 1996 sentencing entry" that was entered in two 1978 state criminal

cases in which he was convicted of six counts of kidnaping, thirteen counts of rape, four counts

of aggravated robbery, one count of felonious assault, one count of gross imposition, and one

count of felonious penetration.  (*Id*. at 8.)  He asks the Court to declare that the 1996 sentencing

entry violates his rights, and order that he either be returned to the custody of the trial court for

modification of his sentence or released from custody.  (*Id*. at 13.)

**Standard of Review and Discussion**

Federal district courts are expressly required, under 28 U.S.C. § 1915A, to screen all

complaints filed in federal court in which a prisoner seeks redress from a governmental officer or

employee, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).[1]

A complaint fails to state a claim upon which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under § 1915A).

Upon review, the Court finds that plaintiff's complaint must be dismissed pursuant to § 1915A because it fails to state a plausible federal civil rights claim upon which he may be granted relief.

Beginning with *Preiser v. Rodriquez*, 411 U.S. 475 (1973), federal courts have drawn careful lines between relief properly considered in a *habeas corpus* action and relief that is proper to a civil rights action under 42 U.S.C. § 1983. The Supreme Court held in *Preiser* that state prisoners who seek to challenge their convictions or their sentences, as plaintiff does here, must seek *habeas corpus* relief under 28 U.S.C. § 2254 rather than relief in a civil rights action under § 1983. *See id.* at 500 ("We hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal

---

[1] "[A]ll complaints filed by prisoners against state officials, whether or not they are proceeding *in forma pauperis*" are subject to *sua sponte* dismissal under § 1915A. *See Lacoss v. Engler*, 234 F.3d 1268 (Table), 2000 WL 1679482, at *1 (6th Cir. 2000) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)).

2

remedy is a writ of *habeas corpus*.").

Because plaintiff challenges the validity of a state criminal sentence and seeks speedier or immediate release, his claim is not cognizable in a civil rights action. Accordingly, his complaint fails to state a plausible claim upon which he may be granted relief.

Further, even if plaintiff's complaint asserted a cognizable civil rights claim, his action is patently time-barred. His complaint challenges a sentencing entry entered over twenty-five years ago. A civil rights complaint under § 1983 is governed by Ohio's two-year statute of limitations. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding the appropriate statute of limitations for § 1983 civil rights actions arising in Ohio is the two-year statute contained in Ohio Rev. Code § 2305.10). Although the statute of limitations is an affirmative defense, when it appears clear on the face of a complaint that an action is time-barred, the complaint may be dismissed *sua sponte* on initial screening. *See Fraley v. Ohio Gallia Cty.*, 166 F.3d 1231 (Table), 1998 WL 789385, at *2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" a *pro se* plaintiff's § 1983 civil rights action *sua sponte* because the complaint was filed years after Ohio's two-year statute of limitations had expired).

### Conclusion

Accordingly, based on the foregoing reasons, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A. In light of this dismissal, his motion for service by the Marshal is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: October 6, 2022

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE